(June 21, 1994)

■ EUROPE CRAFT IMPORTS, INC., Respondent, v HILSON MANAGEMENT CORP. et al, Appellants. [615 NYS2d 176] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about September 14, 1993, which granted only in part defendants' motion for summary judgment dismissing the complaint, unanimously reversed, to the extent appealed

from, on the law, with costs, defendants' motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff Europe Craft Imports, Inc. leased suites 200 and 211 at 390 Fifth Avenue from the defendant Hilson Management Corp. under separate lease agreements entered into in 1976 and 1977, respectively. The 1976 lease provided that the defendant would engage a qualified consultant, "whose findings shall be conclusive and binding upon the parties," to determine the average monthly electrical usage attributable to heating and cooling suite 200 and certain common areas, and that the plaintiff would pay those monthly expenses as additional rent. By similar agreement between the parties, the 1977 lease for suite 211 determined the electrical expense of those premises to be one fourth that of suite 200. Riders carried by both leases contained the following language: "Notwithstanding any other provisions of this Rider to Paragraph 12, tenant may within thirty (30) days after receipt of any determination by consultant notify landlord that it disputes the finding therein, and, in such event, tenant shall promptly engage its own consultant which shall have access to the building and records of landlord as required for its determination."

During the period 1976 through 1986, plaintiff paid additional rent for electrical usage pursuant to findings of the defendant's consultant rendered in 1976. In 1986 plaintiff hired an electrical consultant, who reported that as of December 31, 1986 the plaintiff had overpaid the defendant $210,964.77 since the inception of the leases. In 1988, more than 12 years after the initial survey, and when the plaintiff was no longer a tenant of the defendant, plaintiff commenced this action, constituting the first notice to the landlord of alleged overcharges, to recover the excess paid. The defendant moved for summary judgment, asserting that the claim for overcharges prior to 1982 was barred by the six-year Statute of Limitations for contractual liabilities (CPLR 213 [2]), and that the entire claim was barred by plaintiff's failure to timely proceed in accordance with the above-cited provision of the lease agreements. The IAS Court granted summary judgment to the defendant on Statute of Limitations grounds only to the extent of dismissing plaintiff's claims arising prior to 1982, and otherwise denied defendant's summary judgment motion.

The defendant is entitled to summary judgment dismissing the entire complaint in light of the plaintiff's unexcused failure to timely proceed in accordance with the above-cited provision of the agreements between the parties. Plaintiff's

August 13, 1976 letter to defendant, which stated that "[s]ubject to the right to require a new survey as set forth in the lease our client makes no objection to the survey of [defendant's consultant]," did not operate to toll, for time immemorial, the contractual 30-day period during which plaintiff was required to give notification of a dispute and to "promptly engage its own consultant." The same may be said of plaintiff's July 21, 1976 letter to defendant, sent several days after receiving the defendant's consultant's determination, which said that "[p]ayment by Europe Craft of the June and July invoices shall not be deemed a waiver of any rights Europe Craft may have to object to the findings of Hilson's electrical consultant".

Accordingly, we reverse the decision of the IAS Court insofar as it denied summary judgment, and grant summary judgment to the defendant (see, Matter of New York Plaza Bldg. Co. [Oppenheim, Appel, Dixon & Co.], 103 AD2d 203). Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.